Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER/BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CraftShack, Inc., a Delaware Corporation;<br><br>Plaintiff,<br><br>v.<br><br>ALE TALES TAPROOM, LLC, a California Limited Liability Company; and DOES 1-10,<br><br>Defendants. | Case No. '23CV1284 LL   KSC<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT<br><br><u>Jury Trial Demanded</u> |

CraftShack, Inc. hereby prays to this Court for relief based on the following:

**JURISDICTION AND VENUE**

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

# PARTIES

4. CraftShack is a Delaware corporation with its primary place of business located at 1201 N. Orange Street, Suite 7186, Wilmington, DE 19801.

5. Upon information and belief, Defendant Ale Tales Taproom, LLC ("Ale Tales") is a California limited liability company and maintains a principal place of business in this judicial district at 1520 J Street, San Diego, CA 92101. Upon further information and belief, Ale Tales was nominated for "best beer shop in San Diego" in 2018.

6. Upon information and belief, Ale Tales is the owner, operator, and/or controller of the commercial websites aletales.beer, aletalestaproom.com, and their related/affiliated subdomains, mobile websites, and applications (collectively, "Ale Tales' Websites").

7. Upon information and belief, Defendants DOES 1-10 ("DOE Defendants") (collectively with Ale Tales, "Defendants") are other parties not yet identified who have infringed Plaintiff's copyrights. The true names, whether corporate, individual, or otherwise, of DOE Defendants are presently unknown to Plaintiff, which therefore sues said DOE Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8. Upon information and belief, Plaintiff alleges that each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted each of the acts or conduct alleged, with full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

///
///

# ALE TALES' UNAUTHORIZE USE OF
# THE SUBJECT PHOTOGRAPHS

9. CraftShack operates an online craft beer marketplace which ships mostly small and family-owned beer and liquor directly to customers. As part of its business, CraftShack has created a series of hundreds of original photos to "standardize" the professional display of the products it sells on its website. This is important because, while many of the manufacturers of those products offer promotional photos thereof, those photos are often incohesive—e.g., shot with/from different angles, backgrounds, lighting, etc. By creating a homogenous and particularly stylized collection of product photos, CraftShack has created immense value for itself and its customers. Indeed, due to the demand for CraftShack's work, CraftShack has created a secondary business of offering licenses for the use its original photos to companies like Defendants. CraftShack's website displays hundreds of its original photographs used to promote the sale of beer and liquor products, and maintaining exclusivity of use of those high-quality proprietary photos for only CraftShack and its authorized licensees is crucial to CraftShack's business.

10. CraftShack took and owns 33 original photographs registered with the U.S. Copyright Office (collectively, the "Subject Photographs"). Copies of the Subject Photographs, along with their titles and registration numbers, are set forth in **Exhibit 1**.

11. Following the publication and display of the Subject Photographs, Defendants, and each of them, copied, stored, distributed, reproduced, displayed, created derivative works of, and/or otherwise exploited the Subject Photographs on Ale Tales' Websites without a license, authorization, or consent from CraftShack (the "Accused Posts"). Copies of screen captures of the Accused Posts are set forth in **Exhibit 2**.

///

## FIRST CLAIM FOR RELIEF

**(For Copyright Infringement – Against All Defendants, and Each)**

12. Plaintiff incorporates by reference the preceding paragraphs of this Complaint.

13. Upon information and belief, Defendants, and each of them, had access to the Subject Photographs, including through Plaintiff's website and social media accounts, or viewing the Subject Photographs on third-party websites or Internet search engines.

14. Upon information and belief, Defendants, and each of them, copied, stored, distributed, reproduced, displayed, created derivative works of, and/or otherwise used the Subject Photographs on Ale Tales' Websites without a license, authorization, or consent from CraftShack.

15. Due to Defendants' acts of copyright infringement, Plaintiff has suffered damages in an amount to be established at trial.

16. Due to Defendants' acts of copyright infringement, Defendants, and each of them, have obtained profits they would not have realized but for their infringement of Plaintiff's copyrights in the Subject Photographs. As such, Plaintiff is entitled to disgorgement of Defendants' profits attributable to the infringement of Plaintiff's copyrights in the Subject Photographs, in an amount to be established at trial.

17. Upon information and belief, Plaintiff alleges that Defendants have committed copyright infringement with actual or constructive knowledge of Plaintiff's copyrights in the Subject Photographs, such that said acts of copyright infringement were, and continue to be, willful, intentional, and malicious, and/or taken with reckless disregard for Plaintiff's copyrights.

///

///

///

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants, each of them, their respective agents, and anyone working in concert with Defendants and/or their agents, be enjoined from using the Subject Photographs in a way that infringes Plaintiff's copyrights in the same;

b. That Plaintiff be awarded all Defendants' profits, plus all Plaintiff's losses, attributable to Defendants' infringement of Plaintiff's copyrights in the Subject Photographs, the exact sum to be proven at trial; or alternatively, if elected, statutory damages under 17 U.S.C. § 504;

c. That Plaintiff be awarded its costs and fees under 17 U.S.C. § 505;

d. That Plaintiff be awarded pre-judgment interest as allowed; and

e. That Plaintiff be awarded such further relief as this Court finds proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: July 11, 2023

DONIGER/BURROUGHS

By:  /s/ Stephen M. Doniger
Stephen M. Doniger, Esq.
Benjamin F. Tookey, Esq.
*Attorneys for Plaintiff*